# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM CHARLES ROBERTS Jr., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1328-JWL |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

Plaintiff applied for SSI benefits, ultimately alleging disability beginning October 12, 2012. (R. 13, 49). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the Administrative Law Judge (ALJ) erred in finding that Plaintiff has a limited education, is

not illiterate and, has semi-skilled past relevant work,[1] but that if he had properly been found illiterate with only unskilled past relevant work, he would have been found disabled in accordance with Medical-Vocational Guidelines (the grids) Rule 201.17.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

---

[1]Plaintiff identified only one issue--whether the ALJ's finding regarding literacy is proper.  (Pl. Br. 1).  Nevertheless, Plaintiff clearly argued that his past relevant work was all unskilled (e.g., Pl. Br. 9), and the Commissioner recognized and addressed this argument.  (Comm'r Br. 2) ("was the ALJ required to apply a Medical-Vocational Guideline, treating Plaintiff as if he was 'illiterate' and had only unskilled past work?").

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's finding that Plaintiff is not illiterate. Therefore, Plaintiff cannot be found disabled by application of grid rule 201.17, and the court need not address the issue whether Plaintiff's past relevant work is semi-skilled.

## II.     Discussion

Plaintiff claims that he is illiterate within the meaning of Social Security regulations, and the ALJ erred in finding otherwise. (Pl. Br. 8-10).[2] He argues that his three months' work as a crane operator does not qualify as past relevant work, id. at 9, and that he presented evidence which rebuts the presumption created by the regulations (that he is literate because he completed the eighth grade in his schooling), and the evidence relied upon by the ALJ to find otherwise will not support his finding. Id. at 10-12. The Commissioner argues that the record evidence supports the ALJ's finding that

---

[2]Plaintiff's Counsel did not number the pages of Plaintiff's briefs, so the court uses the numbers provided by the software it used to open the portable document file (.pdf) documents filed in the court's Case Management/Electronic Case Filing (CM/ECF) system. In the future, counsel must number every page after the first page in her Briefs.

Plaintiff is not illiterate (Comm'r Br. 3-5) and that his work as a crane operator qualified as past relevant work. Id. at 5-7.

As both parties agree, the ALJ found "the evidence does not show that the claimant is illiterate." (R. 16). He justified this finding, reasoning that Plaintiff completed the eighth grade in school, Plaintiff worked three months in a semi-skilled job as a crane operator, he had a driver's license and a Class B commercial driver's license, he does not have a severe mental impairment, and the state agency psychologists found the evidence does not support his allegations of illiteracy. Id. The evidence supports each of these findings of fact made by the ALJ.

Plaintiff's arguments otherwise are without merit. First, he argues that his work as a crane operator does not qualify as past relevant work because it is classified as specific vocational preparation (SVP) level four work (a level of semi-skilled work), which requires over three months up to and including six months to learn. For purposes of deciding the question of literacy, the court will assume without deciding that the 91 days Plaintiff admits he worked as a crane operator is not over three months and does not qualify as past relevant work. But, even if Plaintiff's work as a crane operator does not qualify as past relevant work, he admits he performed that job, which is a semi-skilled job, for 91 days. The fact Plaintiff performed a job which is normally classified as semi-skilled for 91 days is at least some evidence that he is not illiterate. While that fact may be insufficient, standing alone, to support a finding of literacy, the ALJ did not rely on that fact alone.

Plaintiff notes that his eighth grade education suggests a marginal education and raises a rebuttable presumption of literacy, but argues that he produced sufficient contrary evidence to overcome the presumption.  He points out that in his application he alleged inability to read or write, he testified that he is unable to read or write anything beyond his name, that his grandmother read the questions on his driver's license test and he did not have to take a test for his Class B CDL, and he reported that did not use a checkbook because he could not spell or write.  The short answer to these assertions is that the ALJ did not find Plaintiff credible and Plaintiff does not even argue error in the credibility determination.  Moreover, the ALJ specifically noted, both at the hearing, and in his decision, that when asked how he got his driver's license, Plaintiff "thought about it for a while before he testified that someone read him the test." (R. 16, 34-35).  This is record evidence supporting the ALJ's determination that Plaintiff is not illiterate, and Plaintiff's contrary testimony does not require a different finding.

That Plaintiff's wife filled out his forms for Social Security does not require a finding of illiteracy.  As Plaintiff quoted in his Brief, his wife did not state that he <u>cannot read or write anything other than his name</u>, rather she stated he "has a very hard time reading and writing."  (Pl. Br. 11) (quoting R. 209).  As Plaintiff acknowledges, the regulations define illiteracy as "the <u>inability</u> to read or write," and explain that the agency

6

considers someone illiterate if he "cannot read or write a simple message," even if he can sign his name. (Pl. Br. 10) (quoting 20 C.F.R. § 404.1564(b)(1)). [3]

Finally, Plaintiff appeals to the opinion of his treating physician, wherein the physician affirmed, based upon his treatment history with Plaintiff, "that he is illiterate." (R. 287). However, as the Commissioner pointed out, the statement affirmed by Dr. Seeman provides no definition of "illiterate," and it is impossible to know what Dr. Seeman meant when he affirmed that term. As noted above, the agency has a specific definition of illiteracy, and there is no means of determining on this record whether Dr. Seeman was stating that Plaintiff is illiterate within the meaning of the agency's definition.

As is clear from the court's discussion above, the ALJ explained his reasons for finding Plaintiff is not illiterate, and those reasons are supported by the record evidence. Plaintiff has not shown otherwise. The ALJ did not err in this regard.

In the grids, the Commissioner has provided a tool to aid in making uniform, efficient decisions in determining the types and numbers of jobs existing in the national economy for certain classes of claimants. Heckler v. Campbell, 461 U.S. 458, 468 (1983). However, the grids are applicable "only when they describe a claimant's abilities and limitations accurately." Id. 461 U.S. at 462 n.5; see also Channel v. Heckler, 747

---

[3] The citation quoted in Plaintiff's Brief relates only to disability pursuant to Title II of the Act, but 20 C.F.R. § 416.924(b)(1) relates to disability pursuant to Title XVI of the Act, and is identical in every relevant respect to the regulation cited.

F.2d 577, 579 (10th Cir. 1984). The grids direct a finding in a particular case only when there is an "exact fit" between the criteria of the grid and the situation before the ALJ. Campbell, 461 U.S. at 468; Channel, 747 F.2d at 579.

Grid rule 201.17, to which Plaintiff appeals, directs a decision where the claimant is age 45 through 49, is illiterate or unable to communicate in English, and has only unskilled if any past work experience. 20 C.F.R., Pt. 404, Subpt P. App. 2 § 201.17. At the time of the ALJ's decision, Plaintiff was within the proper age, and there is no question that Plaintiff is able to communicate in English as the record abundantly demonstrates. However, because he has not shown that he is illiterate, he is not an "exact fit" to grid rule 201.17, and that rule may not be used to direct a decision even if the court were to find that he has only unskilled or no work experience. Therefore, Plaintiff's request for review must fail.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated this 20th day of October 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**